UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLOTTE BRANDENBERG,

        Plaintiff,

-v-

BRIAN WATSON, deceased,

        Defendant.

Case No. 3:10-CV-346

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING BRANDENBURG'S MOTION TO ALTER OR AMEND JUDGMENT (Doc. #7); GRANTING IN PART AND DENYING IN PART THE ESTATE'S MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. #6) AND AWARDING ATTORNEYS' FEES IN THE AMOUNT OF $3,528 TO BE PAID BY BRANDENBURG TO THE ESTATE**

---

Brandenburg attempted to remove a Motion To Show Cause filed by the Estate of Brian Watson. This Motion is a request to require Brandenburg to show cause why she should not be in contempt of a divorce decree for keeping now-deceased Brian Watson's retirement benefits which have been paid to her in accordance with an ERISA plan. This Court struck the removal for several reasons and awarded the Estate reasonable attorneys' fees and costs to be determined later. Brandenburg unsuccessfully asked this Court to amend its earlier judgment on the issue and the Estate is awarded attorneys' fees.

This matter is before the Court on two motions. One is a Motion To Alter or Amend Judgment filed by Plaintiff Charlotte Brandenberg ("Brandenberg") and a Motion for Attorneys' Fees and costs filed by the Defendant, the Estate of Brian Watson (the "Estate"). Both of these motions are fully briefed and ripe for decision.

On December 10, 2010, this Court entered an Order that struck Brandenburg's Notice of

Removal because the matter removed was improperly removed. (Doc. #5) It was improperly removed because what was removed was a Motion To Show Cause and not a civil action, because the Motion To Show Cause was ancillary to an action in a state court, because this Court should not be enforcing the orders of another court and because this Court did not have subject matter jurisdiction. Finally, "just costs and any actual expenses, including attorneys' fees associated with the improper removal" were awarded to the Estate. Brandenburg's Motion To Alter or Amend will first be addressed because the outcome may impact the Estate's Motion for Attorneys' Fees and costs.

## MOTION TO ALTER OR AMEND

Brandenburg moves this Court to alter or amend the Order more fully described above. (Doc. #7.) Brandenburg asks this Court to alter or amend its Order because three of the reasons for striking the Notice of Removal were not raised by the Estate. Brandenburg complains that she did not have an opportunity to oppose these three reasons. She, however, does so in her Motion To Alter Or Amend. According to Brandenburg, "it appears there may be at least meritorious arguments to make as to why this removal was not precluded."

Although none of the arguments now presented by Brandenburg have merit, the fourth reason for striking the Notice of Removal, standing alone, is enough. Even if this Court were to construe the Estate's Motion To Show Cause as a civil case filed in this Court,[1] which it is not,

---

[1] Brandenburg now argues that the initiation of the Motion To Show Cause is nothing more than "form," instead of "substance," and the Motion To Show Cause could just as easily been filed as a claim in a separate, new, civil lawsuit. However, a new lawsuit was not filed and could not have been filed in this Court due to a lack of subject matter jurisdiction. Further, this Court finds it difficult, at best, to make a Motion To Show Cause into a lawsuit.

and even if this Court should enforce the orders of another Court,[2] which it should not, and even if the Motion To Show Cause was not ancillary to a divorce proceeding in the Montgomery County, Ohio Domestic Relations Court,[3] which it is, this Court does not have subject matter jurisdiction, and may address subject matter jurisdiction sua sponte.

While it is true that federal courts have exclusive jurisdiction over ERISA claims, the Motion involves a claim against ERISA benefits that have been paid out. Claims against ERISA benefits that have already been paid are not claims subject to ERISA. *See Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 129 S. Ct. 865, n.10 (2009); *Serraiocco v. Seba*, 286 F. Supp.2d 860, 862-63 (E.D. Mich. 2003); *Sweebe v. Sweebe*, 712 N.W.2d 708 (Mich. 2006); *Pardee v. Personal Representative for Estate of Pardee*, 112 P.3d 308, 315-16 (Ok. Ct. App. 2004)(ERISA does not preempt enforcement of allocation of ERISA benefits in state-court divorce proceedings). Further, no other basis for subject matter jurisdiction has been identified.

In its December 10, 2010 Entry and Order, the Court stated that Brandenburg made no mention of attorneys' fees in her response. Brandenburg now points out that her Response to the Motion To Remand did, in fact, make mention of the Estate's request for attorneys' fees. After further review of Brandenburg's Response, this Court stands corrected. Footnote 4 of Brandenburg's Response requests leave to further oppose the Estate's request for attorneys' fees

---

[2]Brandenburg now argues that the Motion To Show Cause does not just entail the enforcement of a judgment by another court, but the interpretation of that judgment. However, who better to interpret its judgment, if necessary, than the court that made the judgment.

[3]Brandenburg reports that the divorce is now finalized and the original case is now over. However, it obviously is not "over" if one of the parties may not have abided by the divorce decree.

and costs.

However, this argument no longer has merit. Without leave of Court, Brandenburg has, in her Motion To Alter or Amend, presented arguments opposing attorneys' fees and costs. The Court will now consider those arguments.

Brandenburg first argues that she had an objectively reasonable basis for removal. The objectively reasonable basis is that the Motion To Show Cause is preempted by ERISA. However, it clearly is not. The Motion To Show Cause involves a claim against ERISA benefits that have been paid out. According to clearly established law, claims against ERISA benefits that have already been paid are not claims subject to ERISA. *See Kennedy,* 129 S. Ct. 865 at n.10; *Serraiocco*, 286 F. Supp.2d at 862-63; *Sweebe*, 712 N.W.2d 708; *Pardee*, 112 P.3d at 315-16 (ERISA does not preempt enforcement of allocation of ERISA benefits in state-court divorce proceedings).

Brandenburg next argues that the issue would have to be resolved by some court, somewhere and apparently the state court involved in the divorce proceeding has denied the Estate's Motion To Set Aside saying that, "The disposition of the ERISA account is a matter of federal jurisdiction." This argument is unpersuasive for at least two (2) reasons. First, the issue here is a Motion To Show Cause and not a Motion To Set Aside. Second, the issue here is not whether the ERISA account was properly distributed. The issue is whether, after proper distribution, the proceeds can be kept by Brandenburg.

Brandenburg's final argument regarding an award of attorneys' fees is that attorneys' fees should be denied under 28 U.S.C. § 1447(c) where a case is remanded on grounds and motion raised by the Court sua sponte. *See Duffy v. Duffy*, No. 05 C 3217, 2006 WL 1443895 at *5

(N.D. Ill. May 19, 2006). This argument, too, is unavailing for at least three (3) reasons. First, this matter was not remanded, it was struck. Second, the Estate's Motion To Remand argues federal question jurisdiction so the striking was not sua sponte. Third, the law is clear that an order finding improper removal may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Brandenburg also cites several cases where attorneys' fees were not awarded when a matter was remanded. However, unlike those cases, in this case, the law is clear that this matter should not have been removed. In other words, there is no objectively reasonable basis for removal of this matter. An award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is warranted.

Brandenburg has provided no basis for this Court to alter or amend its previous Order on this matter. Brandenburg's Motion To Alter Or Amend Judgment (doc. #7) is OVERRULED.

## THE ESTATE'S MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to this Court's prior Order, the Estate now moves for an award of attorneys' fees in the amount of $2,835.00 and costs in the amount of $2,603.86. In addition, the Estate asks for $693.00 for attorneys' fees for the preparation of its Reply.

Brandenburg does not object to the hourly rates used by the Estate. Further, the Court finds that the hourly rate of $225 per hour for Attorney Robert C. Johnston and the hourly rate of $180 per hour for Attorney Brandon A. Coate are reasonable.

Brandenburg, however, does oppose the hours expended on several bases. Brandenburg first argues that the number of hours expended are not reasonable because the charges are "apparently" made on a minimum quarter-hour increment, and "[l]awyers and clients both know

that tenth of an hour increments are a more accurate and equitable method of billing…."

At least one other federal district court has found the quarter-hour billing increment to be "suspect" and to a be fee-enhancing, rather than fee-constraining, mechanism. *Bench Billboard Co. v. City of Toledo*, No. 3:07CV2027, 2010 WL 4054390 at *7-8 (N.D. Ohio Oct. 15, 2010). While recognizing that many courts have suggested that billing in quarter-hour increments is not per se unreasonable, the court in *Bench Billboard* adopted the observation that "very few telephone calls last more than one-tenth of an hour and it rarely takes more that one-tenth of an hour to read an incoming letter or write a short outgoing letter." Id. at *7.

The Estate responds that, if all of the items listed on the interim statement attached as Exhibit A to its Motion that are currently listed in quarter-hour increments were reduced to tenth of an hour increments, the result would be a reduction in total time of six tenths (.6) of one hour and the Estate's Counsel has already reduced the number of hours requested by three (3) hours from the actual time spent. A review of Exhibit A, the time submitted by the Estate, reveals no time requested for telephone calls, reading incoming letters or preparing short outgoing letters.

The Estate's Reply includes a request for additional hours to prepare its Reply Memorandum. The additional hours include one tenth (.1) of an hour for reviewing a letter. Further, Brandenburg has not identified a single item that would equate to a menial task that would require less than fifteen minutes to complete.

It is not "apparent" that the Estate's charges are made on a quarter-hour basis instead of a tenth of an hour basis. Further, reducing the charges listed in quarter-hour increments to tenth of an hour increments would have a very minimal impact on the overall amount. Thus, Brandenburg's argument regarding billing increments is unavailing in this case.

Brandenburg next challenges whether the Estate's Counsel's time for preparing and filing the proof of the fees[4] is compensable. Title 28 U.S.C. § 1447(c) provides that improper removal "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In this case, the need to seek attorneys' fees and costs was created by the improper removal by Brandenburg. Further, such fees and costs are ordinarily the responsibility of the client. The payment of attorneys' fees and costs associated with seeking the attorneys' fees and costs is just.

Brandenburg's final argument regarding the hours billed is to question the effort that could reasonably have gone into the preparation of the Estate's Motion To Remand and the associated Reply. The Motion To Remand is six (6) pages long and cites ten (10) cases. The Reply is three and one half (3½) pages long and cites two (2) cases, one of which was cited in the Motion. A total of fifteen (15) hours is charged to researching and writing the Motion To Remand and the Reply.

The time spent researching and writing the Motion and Reply is not unreasonable. This conclusion is supported by the Affidavit of Robert M. Harrelson, a practicing attorney, who concludes that the time spent researching and writing the Motion and Reply is reasonable and just. (Affidavit of Robert M. Harrelson ¶ 3 Jan. 7, 2011.)

Brandenburg also offers two objections to the legal research costs sought by the Estate. First, Brandenburg argues that the claimed expenses for computer assisted legal research cannot be determined to have anything to do with this particular case or client. The Estate has submitted

---

[4]Presumably Brandenburg is referring to preparation of the Estate's Motion for Attorneys' Fees and Costs (doc. #6).

West invoices and has said the applicable charges were for research conducted for "this case" during October and November of 2010. The applicable charges identified by the Estate total $4732.55. The Estate then says the applicable charges were reduced by $196.41 for monthly recurring informational charges for each of the two months and by $1,735.87 for negotiated reductions. The total sought then becomes $2,603.86.

Taking the Estate at "its word" from the Motion signed by one of its attorneys, the charges are for this case. Further, the charges are reasonable for the research done here.

Brandenburg's second argument regarding the research cost is that such expenses should be disallowed. In support of this argument, Brandenburg cites other fee-shifting claims. Brandenburg also cites a case from another jurisdiction where a Missouri trial court denied a claim for computer assisted legal research.

The federal statute applicable here is 28 U.S.C. § 1447(c). This statute permits this Court, in its discretion, to award "just costs and any actual expenses." But, costs and actual expenses are not further defined.

However, the Sixth Circuit has agreed with the disapproval of taxing LEXIS research fees on the basis that, "to find such expenses taxable would be tantamount to charging the losing party for the prevailing party's law library books." *Texler v. County of Summit Board of Mental Retardation and Developmental Disabilities*, 25 F.3d 1050, 1994 WL 252938 at *9-10 (6th Cir. June 8, 1994). Further, the Second Circuit found that, "computer research is merely a substitute for an attorney's time," and the Eighth Circuit found that "computer-based legal research must be factored into the attorneys' hourly rate." *U.S. for Use and Benefit of Evergreen Pipeline Construction Co., Inc. v. Merritt Meridan Construction Corp.*, 95 F.3d 153, 173 (2d Cir. 1996);

-8-

*Standley v. Chilhowee R-IV School District*, 5 F.3d 319, 325 (8th Cir. 1993). From these well-reasoned opinions, this Court concludes that the Estate's legal research costs should not be awarded.

In its Reply, the Estate seeks an additional amount of $693 in attorneys' fees for preparation and filing of the Reply. The hourly rate and the number of hours sought for preparation of the Reply are reasonable.

Thus, the Estate's Motion for Attorneys' Fees and Costs (doc. #6) is GRANTED IN PART and OVERRULED IN PART. The hourly rate and the number of hours sought are both reasonable. The Estate is awarded attorneys' fees in the amount of $3,528. The $2,603.86 sought for Westlaw research expenses is not awarded as set forth above.

**DONE** and **ORDERED** in Dayton, Ohio this Tenth day of February, 2011.

                   **s/Thomas M. Rose**

                   THOMAS M. ROSE
                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record